# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CHAVEZ, | CV F  05-1279 OWW LJO P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc.1) |
| BHATT, et.al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. / | |

Carlos Chavez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on October 6, 2005, naming Dr. N. Bhatt, Dr. Kyle, RN Edgar Benjamin, MTA M. Shaw, MTA Verria, Correctional Officer Padilla, ADA Coordinator White, CCI M. Prati, and Lt. S. Watkin as Defendants.

**A.  SCREENING STANDARD**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff states that on November 26, 2003, while working in the prison yard kitchen, he was lifting a kool aid tank and felt that he might have pulled a muscle in his lower back. Plaintiff states that he tried to get medical attention but the yard was on lockdown. Plaintiff was later examined by Dr. Kyle who felt an MRI was needed and made a referral for an MRI. Plaintiff was then called back to work but could not go because he was still not feeling well. Plaintiff states he was then harassed by security guards and called a wimp. Plaintiff states he was also assaulted by two officers. Officer Garcia then wrote a chrono indicating that Plaintiff had experienced multiple medical problems and had to be removed from his culinary positions. Plaintiff states that Dr. Underwood was the Doctor who indicated the extent of Plaintiff's injuries and had recommended further testing be done to see what damage there was to Plaintiff's lower back. However, Plaintiff's referral for the MRI was cancelled by Defendant Bhatt who assumed Dr. Kyle's position. Plaintiff states that although x-rays had been done, Dr. Bhatt did not feel like Plaintiff's injury required an MRI. Plaintiff then complains that upon examination, Dr. Bhatt caused him pain by trying to move Plaintiff's legs toward his chest and that he should not have done this. Dr. Bhatt then indicated to Plaintiff that he would have an MRI done but weeks

went by until finally, Plaintiff had to file a 602 inmate appeal for the delay of the MRI. The response was that Plaintiff had refused the MRI which Plaintiff states is a lie. Plaintiff then complains about not getting responses to his letter to the medical board of California. Plaintiff asserts that Dr. Kyle then changed his mind about the recommendation for an MRI after he spoke with Dr. Bhatt and Dr. Bhatt then refused to refer him for an MRI. Instead, Plaintiff was placed on an arthritis medication but he states that he did not have arthritis.

**C. CLAIMS FOR RELIEF**

   *1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, the plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Many of Plaintiff's allegations fail because they do not link any named individual to an act or omission giving rise to a constitutional violation. The specific legal standard will be provided for Plaintiff below.

   *2. Eighth Amendment Medical Claim*

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."

3

Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing* Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

In this case, Plaintiff's claims against Defendant Kyle and Bhatt concern a disagreement with a diagnosis. The Complaint largely concerns that Plaintiff did not get the MRI that he felt he needed. Although Defendant Kyle recommended the MRI initially, it appears from the Complaint that he later changed his mind. Plaintiff also states that Defendant Bhatt did not feel that an MRI was needed. Further, Plaintiff complains that he was given medication for arthritis but that he does not have arthritis. These facts clearly concern a disagreement with the diagnosis provided which does not give rise to a constitutional claim for relief.

### 3. Inmate Appeals

There is no constitutional right to an inmate appeals process. The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). A failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

Here, Plaintiff only makes a passing reference to the fact that he filed an inmate appeal and that they contained lies and were denied. However, as noted above, Plaintiff's allegations do not give rise to a constitutional violation.

### 4. Defendant Padilla

Although Plaintiff does not mention Defendant Padilla in the facts, he lists him as a Defendant and states that he failed to provide an accurate translation from Spanish to English on his behalf when being examined by Defendant Bhatt. However, an accurate translation is not a right protected by the Constitution and redressable in a civil rights action. Accordingly, Plaintiff states no claim against Defendant Padilla.

### 5. Defendant Verria

Plaintiff asserts that Defendant Verria has a nicotine addiction that interferes with his ability to do his job adequately as he walks around with a little can, presumably, to spit in. As

1  such, he cannot property take vital signs.

2  Plaintiff's allegations do not give rise to a constitutional violation.

### 6. *Defendant Prati*

Plaintiff states that Defendant Prati refused to grant Plaintiff indigent status to file this suit. Plaintiff's allegation does not constitute a constitutional claim for relief as only the Court can grant indigent status. According to the Court record, Plaintiff's Motion was granted. As such, there is no allegation against Defendant Prati.

### 7. *Supervisory Liability*

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that any of the named Defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.

### 8. *Exhaustion Requirement*

1     Plaintiff is reminded that there exists an exhaustion requirement applicable to claims
2 made in civil rights actions.

3     Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be
4 brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by
5 a prisoner confined in any jail, prison, or other correctional facility until such administrative
6 remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e(a)
7 exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435
8 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of
9 the relief sought by the prisoner and regardless of the relief offered by the process, as long as the
10 administrative process can provide some sort of relief on the complaint stated. Booth v. Churner,
11 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need
12 not meet federal standards, nor must they be 'plain, speedy, and effective.' " Porter, 534 U.S. at
13 524 (*citing* Booth, 532 U.S. at 739 n. 5). Exhaustion must occur prior to filing suit. McKinney
14 v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Thus, plaintiff may not exhaust while the
15 suit is pending. McKinney, 311 F.3d at 1199-1201.

16 **D. CONCLUSION**

17     The Court finds that Plaintiff's complaint does not contain any claims upon which relief
18 can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with
19 time to file an Amended Complaint curing the deficiencies identified above should he wish to do
20 so.

21     Plaintiff must demonstrate in the Amended Complaint how the conditions complained of
22 resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.
23 1980). The Amended Complaint must specifically state how each Defendant is involved.
24 Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
25 connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423,
26 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
27 F.2d 740, 743 (9th Cir. 1978).

28     Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

be complete in itself without reference to any prior pleading.  As a general rule, an Amended Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E.  ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

    a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case. See, Fed.R.Civ.P. 41(a)(1).

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:    November 6, 2006**               /s/ Lawrence J. O'Neill
b9ed48                                UNITED STATES MAGISTRATE JUDGE